| | |
|---|---|
| 1 | Mei Tsang, Esq. (SBN 237959) |
| 2 |   mtsang@fishiplaw.com |
| | Genevieve Halpenny, Esq. (SBN 301409) |
| 3 |   ghalpenny@fishiplaw.com |
| 4 | Fish & Tsang, LLP |
| | 2603 Main Street, Suite 1000 |
| 5 | Irvine, California 92614-4271 |
| 6 | Telephone: 949-943-8300 |
| | Facsimile: 949-943-8358 |
| 7 | |
| 8 | Attorneys for Plaintiff, |
| 9 | Juice Roll-Upz, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JUICE ROLL-UPZ, INC., a California corporation, | Case No.**: 8:16-cv-1726** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | **(1) INFRINGEMENT OF FEDERAL TRADEMARK REGISTRATION [15 USC §§ 1114(1), 1125(a)]** |
| RUTHLESS VAPOR CORPORATION, a California corporation dba RUTHLESS E-JUICE; D&A DISTRIBUTION LLC, a Georgia limited liability company; and DOES 1-10 | **(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]** |
| Defendants. | **(3) FEDERAL TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)]** |
| | **(4) TRADEMARK INFRINGEMENT [California Common Law];** |
| | **(5) TRADE DRESS INFRINGEMENT [California Common Law];** |
| | **(6) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [CAL. BUS. & PROF. CODE §§ 17200–10];** |
| | **(7) FALSE ADVERTISING [CAL. BUS. & PROF. CODE §§ 17500–09]; and** |
| | **(8) AN ACCOUNTING [California Common Law]** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Juice Roll Upz, Inc., a California corporation with a principal place of business at 32 Mauchly, Ste. A, Irvine, CA 92618 ("Plaintiff" or "Juice Roll-Upz"), brings this Complaint against Ruthless Vapor Corporation ("Ruthless"), a California corporation doing business as Ruthless E-Juice with its principal place of business at 2040 S. Lynx Pl., Ontario, CA 91761; and D&A Distribution LLC ("D&A"), a Georgia limited liability company with its principal place of business at 14045 Abercorn St., Ste. 1118, Savannah, GA 31419 (collectively, "Defendants"). Juice Roll-Upz alleges as follows:

## JURISDICTION AND VENUE

## SUBJECT MATTER JURISDICTION

1. The First, Second, Third, and Fourth Claims for Relief arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

2. The Fifth, Sixth, Seventh, and Eighth Claims for Relief arise under California statutory and common law. Jurisdiction in this Court is proper for these Claims for Relief pursuant to 28 U.S.C. § 1338(b) in that such claims are joined with substantial and related claims brought under the trademark laws of the United States, 15 U.S.C. § 1051, et seq. This Court also has jurisdiction for all of the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) in that the federal and state law claims alleged herein are based on the same core of operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties.

## PERSONAL JURISDICTION

3. This court has personal jurisdiction over Defendants, because Defendants do business, have provided goods, offered their goods, and sold their, and have otherwise conducted business in this district sufficient to subject it to personal

jurisdiction in California and in this court.

4. Additionally, the Defendants have committed acts that avail themselves of California law and that caused injury to persons in California, sufficient to subject it to personal jurisdiction in California.

5. Defendant Ruthless is also subject to personal jurisdiction in this district, because it resides in this district.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), as the defendant Ruthless resides in this district, Defendants' actions giving rise to this complaint took place in this district, and a substantial amount of damages occurred in this district.

## THE PARTIES

7. Juice Roll Upz, Inc. ("Juice Roll Upz") is a privately held corporation based in Irvine, CA. Juice Roll Upz manufactures, distributes, and sells high purity electronic cigarette liquid ("e-liquid"). At its inception, Juice Roll Upz was founded on the principle of providing e-liquids, which fulfill the promise of being a healthier alternative to cigarettes. In furtherance of that goal, Juice Roll Upz has invested substantial resources in FDA complaint manufacturing facilities located in Irvine. Juice Roll-Upz also ensures the safety and high quality of its products by using only premium ingredients that meet strict safety and quality standards.

8. To raise consumer awareness of the safety and quality of its products, Juice Roll Ups has invested substantial time and resources in marketing its line of JUICE ROLL-UPZ e-liquid products. Juice Roll-Upz owns the federally registered mark, JUICE ROLL-UPZ (U.S. Reg. No. 4950700), which registered on May 3, 2016 for use in association with e-liquids (Exhibits A, B).

9. E-liquids are often homemade using ingredients contaminated with harmful chemicals and following few safety standards. Among a very crowded field of such e-liquid products, the JUICE ROLL-UPZ line of products has garnished

tremendous goodwill and recognition in the industry for its high quality and safety. Consumers have come to identify the JUICE ROLL-UPZ Mark with e-liquid of a superior quality that is associated with Juice Roll-Upz.

10. Juice Roll Upz also created its very distinctive trade dress by being the only company to sell e-liquid in green dropper bottles (Exhibit C). As a result of Juice Roll Upz's efforts marketing the JUICE ROLL-UPZ line of products, the green bottle distinguishes Juice Roll Upz's products from products originating from other sources in the minds of consumers. Consumers have come to identify the green bottle with Juice Roll Upz's products and quality.

11. Ruthless Vapor Corporation ("Ruthless") is based in Ontario, CA and manufactures, packages, and sells e-liquid using the fictitious business name, Ruthless E-Juice. Ruthless manufactures and sells e-liquids under brands including RUTHLESS, BREAKFAST CLUB, and about 18 other "white labels," which include: LOADED, CREAM PUFF FACTORY, HOT CAKES, SWEET STASH and others.

12. In or about August 2016, Ruthless began manufacturing and selling a line of products using the VAPE ROLL-UPZ mark (Exhibit D). The stylized lettering of the VAPE ROLL-UPZ mark on Ruthless's labels is almost exactly the same as the stylized lettering of the JUICE ROLL-UPZ mark on Juice Roll Upz's product labels. The graphics on the labels of the VAPE ROLL-UPZ line of products are also very similar to the graphics on the labels of the JUICE ROLL-UPZ line of products. Ruthless also bottled its e-liquids in green bottles to market the VAPE ROLL-UPZ line of products.

///
///
///
///
///

**JUICE ROLL-UPZ**          **VAPE ROLL-UPZ**

 

13. D&A Distribution LLC ("D&A") is based in Savannah, GA and distributes electronic cigarette equipment and e-liquid nationwide, including in this District. D&A sells its products as Strictly E-cig via strictlyecig.com and through other distributors. D&A distributes approximately 77 brands of e-liquid including: RUTHLESS, BREAKFAST CLUB, and other Ruthless "white labels" including: LOADED, CREAM PUFF FACTORY, HOT CAKES, SWEET STASH and others.

## GENERAL ALLEGATIONS

14. Juice Roll-Upz began manufacturing and distributing high-purity, premium e-liquid in June of 2015.

15. Juice Roll Upz has expended substantial time, resources, and effort to build an excellent reputation for itself and its mark. The JUICE ROLL-UPZ Mark is a strong trademark, by which consumers identify Juice Roll Upz's goods.

16. Juice Roll-Upz's e-liquid is sold in green colored bottles. The green color of the bottles does not affect product quality and is not functional. The green bottles constitute protectable trade dress that has acquired distinctiveness and has acquired secondary meaning to consumers. The trade dress identifies Juice Roll Upz as the origin and source of the e-liquid contained in the green bottles.

17. Juice Roll-Upz continues to manufacture and sell e-liquid to this day under the JUICE ROLL-UPZ Mark. Juice Roll-Upz's product flavor names include: blue raspberry, strawberry, watermelon punch, orange-cherry, and carnival berry

lemonade.

18. Upon information and belief, Ruthless and D&A copied the JUICE ROLL-UPZ Mark by creating the confusingly similar VAPE ROLL-UPZ Mark. Ruthless and D&A formulated e-liquids having flavors selected to compete with Juice Roll-Upz's product flavors. Defendants product flavor names include: raspberry ripple, strawberry splash, watermelon wonder, and "carnival" berry lemonade.

19. Upon information and belief, Defendants' products contain ingredients having greater impurities and inferior quality as compared to Juice Roll-Upz's products.

20. In or about August, 2016, Defendants began manufacturing their inferior e-liquid in green bottles with VAPE ROLL-UPZ labeling, which are nearly identical to Juice Roll Upz's JUICE ROLL-UPZ packaging.

21. In or about August, 2016, Ruthless and D&A began marketing these products through Strictly E-cig, Blast vape, uswholesalevapor.com, EcigWEcig, and other wholesalers and distributors.

22. Defendants have had constructive and actual notice of Juice Roll-Upz's registered JUICE ROLL-UPZ trademark and trade dress.

23. Even with their knowledge of Juice Roll-Upz's mark, Defendants have continued to knowingly and willfully infringe the JUICE ROLL-UPZ mark by marketing and providing e-liquids under the VAPE ROLL-UPZ Mark.

24. Consumers are actually confused about the source of the VAPES ROLL-UPZ labeled products. Juice Roll-Upz has been contacted by customers who have expressed the belief that Juice Roll-Upz is the source of VAPE ROLL-UPZ labeled products. In or around August, 2016, Juice Roll-Upz's customers expressed surprise that Juice Roll Upz had started offering 60 mL bottles. There presents both potential and actual confusion of Juice Roll-Upz's marks with Defendant's infringing marks.

25. Juice Roll-Upz is harmed and continues to be harmed by Defendants' manufacture and sale of the VAPE ROLL-UPZ labeled products in green bottles.

# FIRST CAUSE OF ACTION
## INFRINGEMENT OF
## U.S. Trademark Registration No. 4950700
## [15 U.S.C. §§ 1114(1) and 1125(a)]

26. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

27. Given that the JUICE ROLL-UPZ Mark and the VAPE ROLL-UPZ Mark are nearly identical, the products are similar, the market channels are similar, and the customers are similar, there is a strong likelihood of consumer confusion.

28. There has been actual confusion as to the source of Defendants' products provided under the VAPE ROLL-UPZ Mark and/or the affiliation, endorsement or sponsorship between the Defendants and Juice Roll Upz.

29. On information and belief, Defendants knowingly adopted and used the VAPE ROLL-UPZ Mark to confuse consumers into mistaking their e-liquids for those offered by Juice Roll Upz and/or to mistakenly believe that the parties are affiliated.

30. Defendants' acts and conducts here constitute willful and deliberate infringement of Juice Roll Upz's federal trademark rights.

31. As a direct and proximate result of Defendants' acts of trademark infringement, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

32. Juice Roll Upz has no adequate remedy at law against Defendants' acts of trademark infringement. Unless Defendants are permanently enjoined from its acts of trademark infringement, Juice Roll-Upz will continue to suffer irreparable harm.

///

///

///

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

**[Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)]**

33. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

34. The JUICE ROLL-UPZ Mark has become associated with and hence identifies Juice Roll Upz and its goods and with no other business, servicers, or goods.

35. By reason of Defendants' wrongful use of the VAPE ROLL-UPZ Mark, which is confusingly similar to Juice Roll Upz's JUICE ROLL-UPZ Mark, consumers and prospective consumers are deceptively led to believe that Defendants' goods originate with, are sponsored by, or otherwise authorized by, Juice Roll Upz when in fact Defendants have no connection whatsoever with Juice Roll Upz.

36. Defendants' actions constitute false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between Defendants and Juice Roll Upz and/or the JUICE ROLL-UPZ Mark. Defendants' unauthorized and infringing goods provided under the VAPE ROLL-UPZ Mark, are likely to cause confusion or to deceive as to the affiliation, connection, or association as to the origin, sponsorship, and/or approval of Defendants' goods, because Defendants' goods are nearly identical to Juice Roll Upz's goods provided under the JUICE ROLL-UPZ Mark.

37. Defendants' misleading use of VAPE ROLL-UPZ, which is confusingly similar to Juice Roll Upz's JUICE ROLL-UPZ Mark, has a substantial effect on interstate commerce and constitutes false advertising, false designation of origin, and false representation of the origin of Defendants' goods and services in and affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a).

38. The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39. As a direct and proximate result of Defendants' acts of unfair competition and false designation of origin, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

40. Juice Roll Upz has no adequate remedy at law against Defendants' acts of unfair competition and false designation of origin as alleged herein. Unless Defendants are permanently enjoined from their acts of unfair competition and false designation of origin, Juice Roll Upz will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION

## FEDERAL TRADE DRESS INFRINGEMENT

## [Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)]

41. Juice Roll Upz realleges and incorporatates the above allegations as though fully set forth herein.

42. The green bottle constitutes protectable trade dress pursuant to section 43(a) of the Lanham Act. The green color of the bottles is a non-functional feature that identifies the product and its source to customers.

43. The actions complained of herein constitute false designations of origin that are likely to cause confusion and create a false association, connection or affiliation between Defendants and Juice Roll Upz. Defendants' unauthorized and infringing goods provided in green bottles with labels that are nearly identical to Juice Roll Upz's labels are likely to cause confusion or to deceive as to the affiliation, connection or association of Juice Roll Upz and Defendants, and as to the origin, sponsorship and/or approval of Defendants' goods.

44. Defendants acts and conduct constitute willful and deliberate infringement

of Juice Roll Upz's trade dress rights.

45. As a direct and proximate result of Defendants' acts of trade dress infringement, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

46. Juice Roll Upz has no adequate remedy at law against Defendants' acts of trade dress infringement. Unless Defendants are permanently enjoined from its acts of trade dress infringement, Juice Roll-Upz will continue to suffer irreparable harm.

## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## [California Common Law]

47. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

48. By reason of the foregoing, Juice Roll Upz has acquired common law trademark rights in its JUICE ROLL-UPZ Mark in connection with, among other things, e-liquids.

49. Defendants' use of the VAPE ROLL-UPZ Mark is misleading and is likely to cause confusion and mistake, and to deceive the public into believing that Defendants and Defendants' goods are authorized by, licensed by, sponsored by or otherwise associated with Juice Roll Upz. Such use constitutes trademark infringement under California common law.

50. The acts and conduct of Defendants constitute willful and deliberate infringement of Juice Roll Upz's common law rights in the State of California and will continue in willful and wanton disregard of Juice Roll Upz's valuable trademark rights.

51. As a direct and proximate result of Defendants' acts of trademark infringement, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its

business, goodwill, reputation, and profits in an amount not presently known.

52. Juice Roll Upz has no adequate remedy at law against Defendants' acts of trademark infringement as alleged herein. Unless Defendants are permanently enjoined from their acts of trademark infringement, Juice Roll Upz will continue to suffer irreparable harm.

## FIFTH CAUSE OF ACTION
## TRADE DRESS INFRINGEMENT
## [California Common Law]

53. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

54. By reason of the foregoing, Juice Roll Upz has acquired common law trade dress rights in its green bottles used to package e-liquids.

55. Defendants' use of the green bottles is misleading and is likely to cause confusion and mistake, and to deceive the public into believing that Defendants and Defendants' goods are authorized by, licensed by, sponsored by or otherwise associated with Juice Roll Upz. Such use constitutes trade dress infringement under California common law.

56. The acts and conduct of Defendants constitute willful and deliberate infringement of Juice Roll Upz's common law rights in the State of California and will continue in willful and wanton disregard of Juice Roll Upz's valuable trade dress rights.

57. As a direct and proximate result of Defendants' acts of trade dress infringement, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

58. Juice Roll Upz has no adequate remedy at law against Defendants' acts of trade dress infringement as alleged herein. Unless Defendants are permanently enjoined from their acts of trade dress infringement, Juice Roll Upz will continue to

suffer irreparable harm.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [California Business & Professions Code §§ 17200–10]

59. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

60. Juice Roll Upz is informed and believes, and on that basis alleges, that Defendants' use of the VAPE ROLL-UPZ Mark in association with goods similar, if not identical to Juice Roll Upz's goods, and the goodwill associated therewith, acts of passing off, and an infringement of Juice Roll Upz's common law rights, have a substantial effect on commerce, and constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200 and 17500, et seq., of the California Business and Professions Code.

61. Juice Roll Upz is informed and believes, and on that basis alleges, that Defendants' willfully intended, and continue to trade on Juice Roll Upz's reputation and to cause injury to Juice Roll Upz. Defendants' acts of engaging in the conduct described herein constitute willful and deliberate unfair competition and will continue in willful and wanton disregard of Juice Roll Upz's valuable trademark rights.

62. As a direct and proximate result of Defendants' acts of unfair competition and false designation of origin, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

63. Juice Roll Upz has no adequate remedy at law against the Defendants' acts of unfair competition and false designation of origin as alleged herein. Unless Defendants are permanently enjoined from their acts of unfair competition and false

designation of origin, Juice Roll Upz will continue to suffer irreparable harm.

## SEVENTH CAUSE OF ACTION

## FALSE ADVERTISING

### [California Business & Professions Code §§ 17500–09]

64. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

65. As alleged herein, Defendants have used the VAPE ROLL-UPZ Mark to induce the public into believing that Defendants are associated with, the business, goods, and services that originate with or are authorized by, Juice Roll Upz.

66. Such acts were intended to induce the customers of Juice Roll Upz to purchase goods from Defendants, believing them to be goods of Juice Roll Upz.

67. As a direct and proximate result of Defendants' acts of false advertising, Juice Roll Upz has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known.

68. Juice Roll Upz has no adequate remedy at law against Defendants' acts of false advertising as alleged herein. Unless Defendants are permanently enjoined from their acts of false advertising, Juice Roll Upz will continue to suffer irreparable harm.

## EIGHTH CAUSE OF ACTION

## ACCOUNTING

69. Juice Roll Upz realleges and incorporates the above allegations as though fully set forth herein.

70. As a direct and proximate result of Defendants' unlawful acts as alleged herein, Juice Roll Upz has been and continues to be injured in its business and property, and has sustained and will continue to sustain substantial damage to its business, goodwill, reputation, and profits in an amount not presently known, while Defendants' is profiting at Juice Roll Upz's expense in an amount not presently

known. Those profits rightfully belong to Juice Roll Upz.

71. The amount of the profits wrongfully realized by Defendants is unknown to Juice Roll Upz and cannot by ascertained without an accounting. The information that is needed to establish that amount due is peculiarly within the knowledge of Defendants. Juice Roll Upz, therefore, demands an accounting for the aforementioned profits wrongfully realized by Defendants from their activities as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendants, and their officers, employees, agents, servants, attorneys, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116 and pursuant to California Business and Professions Code §§ 17200 et. sec, and 17535, from:

   a) Using in any manner in connection with the Defendants' business, or the goods or services offered or sold by Defendants, or in connection with any advertising or promotions for such business, goods, or services, using any colorable imitations of JUICE ROLL-UPZ Mark, including the VAPE ROLL-UPZ Mark;

   b) Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or purchasers or prospective purchasers of the Defendants' goods, as to the source of the Defendants' goods, or likely to deceive members of the public or the trade, or purchasers or prospective purchasers of the Defendants' goods, into believing that there is some association between the Defendants and Juice Roll Upz, or that the Defendants' goods are being offered for sale with Juice Roll Upz;

c) Doing or allowing any act or thing which is likely to dilute or tarnish the distinctive quality of the JUICE ROLL-UPZ Mark, or otherwise injure Juice Roll Upz's business reputation or goodwill;

d) Doing or allowing any use, affixation, offer for sale, selling, advertising or promoting goods or services with the mark VAPE ROLL-UPZ or any trade name or trademark confusingly similar to the JUICE ROLL-UPZ Mark;

e) Bottling or allowing any use, offer for sale, selling, advertising or promoting e-liquid in green bottles or packaging confusingly similar to the Juice Roll-Upz's trade dress;

f) Disparaging Juice Roll Upz for so long as it is reasonably necessary to prevent each defendant from reaping and/or gaining any unfair advantage or other benefit as a direct or proximate result of their unlawful conduct, including the publication of false information regarding Juice Roll Upz's goods;

g) Soliciting business or any other corporate opportunities from any customers, vendors, potential customers, investors or suppliers that derived as a result of Defendants' wrongful conduct;

h) Using Juice Roll Upz's name in any advertisements, memoranda or circulars to be distributed to customers or potential customers;

i) Engaging in acts of federal, state, or common law trademark or service mark infringement, dilution, false designation of origin, false advertising, or unfair competition that would injure and damage Juice Roll Upz;

2. That an accounting be ordered of all of the profits realized by the Defendants, or others acting in concert or participation with the Defendants, from the Defendants' unauthorized use, and infringement, of the JUICE ROLL-UPZ Mark, and acts of unfair competition, false designation of origin, and false

advertising described herein;

    3. That the Defendants account for and pay over to Juice Roll Upz all of the profits realized by the Defendants, or others acting in concert or participation with the Defendants, from the Defendants' unauthorized use, and infringement of the JUICE ROLL-UPZ Mark, and acts of unfair competition, false designation of origin, and false advertising described herein;

    4. That Juice Roll Upz recover its damages sustained as a result of the Defendants' acts of unauthorized use and infringement of the JUICE ROLL-UPZ Mark, and acts of unfair competition, false designation of origin, and false advertising described herein;

    5. That Juice Roll Upz's actual damages be increased pursuant to 15 U.S.C. § 1117(a);

    6. That Juice Roll Upz recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

    7. That Juice Roll Upz be awarded punitive damages pursuant to California Civil Code § 3294;

    8. That Juice Roll Upz recover the costs of this suit; and

    9. That Juice Roll Upz be granted such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Juice Roll Upz hereby demands a jury trial.

Respectfully submitted,

FISH & TSANG, LLP

Dated: September 16, 2016    By:   */s/Mei Tsang*
        Mei Tsang, Esq.
        Attorneys for Plaintiff
        Juice Roll Upz, Inc.